United States Magistrate Court
DSQ-SDTX
FILED

MAR 3 0 2012

David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | MAGISTRATE ACTION NO. L-12-358-3 |
| § | |
| SHAVAR DAVIS § | |
| *Defendant* | |

## ORDER

A detention hearing in accordance with 18 U.S.C. § 3142(f) was held in this case on March 29, 2012. The Defendant, SHAVAR DAVIS, is charged under Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), with conspiracy to possess with intent to distribute approximately twenty-five (25) kilograms of cocaine. The Defendant, SHAVAR DAVIS, is also charged under Title 18, United States Code, Section 924(c)(1)(A), 924(c)(1)(B) and 924(o), with conspiracy to possess and possession of a firearm in furtherance of a drug trafficking crime or crime of violence. After considering the facts in this case and under the Bail Reform Act, the Court REQUIRES THE DETENTION of the Defendant, SHAVAR DAVIS, pending trial in this case.

### FINDINGS OF FACT

Per the Pretrial Services Report, Defendant is a 29-year-old United States citizen born in Winnsboro, South Carolina. Defendant's parents are both United States citizens. His mother resides in New Brunswick, New Jersey, and his father resides in Blair, South Carolina. He has four half siblings, who are also United States citizens. Defendant's siblings reside in New Jersey and South Carolina. Defendant maintains regular contact with his family. Defendant is married with three children. Defendant, however, lives apart from his wife and their children, but he reportedly visits

them daily.

Defendant reported graduating from high school, and started taking classes for a career in mechanical engineering at South Carolina State University, but did not complete the program. From 2007-2009, Defendant pursued a career in auto mechanics at Westwood College in Denver, Colorado; however, he was unable to gain his certification. Defendant's wife is employed as an auditor for a national brand hotelier.

The Government argued for the ongoing detention of the Defendant pending trial because he presents a danger to the community. The Government proffered the Pretrial Services Report. Moreover, the Government argued that according to the Criminal Complaint, Defendant was to serve as the wheelman for the murder-for-hire team, led by co-defendant KEVIN CORLEY, for which the team would be paid $50,000. Furthermore, the Defendant admitted that he was aware of the weapons seized in the car that he was riding in. The Government described the weapons seized as two (2) semi-automatic rifles with scopes, one (1) bolt-action rifle with a scope and bipod, one (1) hatchet, and one (1) K-Bar knife. The Government also revealed that one (1) bag of .223 caliber ammunition and one (1) box of .300 caliber ammunition were seized.

Defense counsel argued that Defendant is not a danger to the community. Defense counsel argued that the majority of Defendant's criminal history involves traffic violations. Defense counsel argued that the Defendant is not a threat to himself or society. Defense counsel argued that Defendant admitted to being the driver for this plan, but Defendant denies knowing the gravity of the plan. Moreover, Defense counsel argued that once Defendant realized that he was in over his head, he was unable to withdraw from the scheme because he was arrested soon after. In open court, Defendant testified that he is not a threat to the community because he volunteers at church and did not realize all of the minutia details of the plan. Furthermore, defendant asked the court for bond in

order to get things in order for his wife and children, in case he has to serve federal time. Moreover, Defendant stated that he is not flight risk because he does not possess a passport.

The Pretrial Services Report recommended detention.

## REASONS FOR DETENTION

Defendant has been charged with violating Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), with conspiracy to possess with intent to distribute approximately twenty-five (25) kilograms of cocaine. The minimum statutory penalty is ten (10) years up to life imprisonment. 21 U.S.C. § 841(b)(1)(A). The Defendant is also charged under Title 18, United States Code, Section 924(c)(1)(A), with possession of a firearm in furtherance of a drug trafficking crime or crime of violence, for which the minimum statutory penalty is at least five (5) years. Defendant is charged under Title 18, United States Code, Section 924(c)(1)(B), with possession of a semiautomatic assault weapon in furtherance of a drug trafficking crime or crime of violence, for which the statutory penalty is not less than ten (10) years. Lastly, Defendant is charged under Title 18, United States Code, Section 924(o), with conspiracy to commit an offense by possessing a firearm in furtherance of a drug trafficking crime or crime of violence, for which the maximum penalty is twenty (20) years. All 924(c) convictions are to be served consecutively to any underlying crime of violence or drug trafficking conviction. 18 U.S.C. § 924(c)(1). To order the detention of the Defendant, the Court must find that no condition or combination of conditions will reasonably assure the appearance of the Defendant or guarantee the safety of any other person and the community. 18 U.S.C. § 3142(e). There is a rebuttable presumption in a drug case where the term of imprisonment is ten years or more and in a case where the person commits an offense under Title 18, Section 924(c) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A),

and 18 U.S.C. § 3142(e)(3)(B). The Government invoked both presumptions at the detention hearing. When claiming the Defendant poses a flight risk, the Government's evidentiary burden is preponderance of the evidence. 18 U.S.C. § 3142(f). When claiming the Defendant poses a danger to the community, the Government's evidentiary burden is clear and convincing evidence. *Id.* Pursuant to 18 U.S.C. § 3142(g), the Court must consider the following factors in determining whether to detain the Defendant:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic;

2. The weight of evidence against the person;

3. The history and characteristics of the person, including-
    a. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
    b. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Based on the nature and circumstances of the offenses charged, the criminal history and personal characteristics of the Defendant, and the weight of evidence against him, the Court finds that the Government has shown by clear and convincing evidence that the Defendant is a danger to the community and **should be detained** until trial.

The Defendant is charged with conspiracy to possess with intent to distribute in excess of twenty-five (25) kilograms of cocaine and involvement in a murder-for-hire scheme. In the Criminal Complaint filed against the Defendant, the Government alleges that the Defendant was conspiring with his co-defendants in the scheme that involved an Undercover Agent to attempt to

4

possess in excess of twenty-five (25) kilograms of cocaine by robbing a rival narcotics member. The Government alleges that when the defendants were arrested on March 24, 2012, they were readying to commit the armed invasion for the recovery of drugs and murder-for-hire scheme. The Government also proffered that the Defendant admitted to be the wheelman during the planned contract killing and recovery of drugs. In a search subsequent to the arrest, agents located a .300 caliber rifle, several magazine clips, and a host of other weapons and ammunition in the vehicle driven by the Defendant. In the Criminal Complaint, Defendant admitted to having knowledge of the weapons. The Court finds that the Defendant was unable to rebut the statutory presumption that he should be detained. Based on the information presented by the Government, there is clear and convincing evidence that the Defendant poses a danger to the community.

## DIRECTIONS REGARDING DETENTION

This Court finds that the Government has met its evidentiary burden to support its assertion that the Defendant, SHAVAR DAVIS, poses a danger to the community. Therefore, IT IS ORDERED that the Defendant be detained pending trial.

IT IS SO ORDERED.

SIGNED this 30th day of March, 2012.

DIANA SONG QUIROGA
United States Magistrate Judge